IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:18-CR-3089 |
| vs. | ORDER |
| NICOLE L. DELGADO, | |
| Defendant. | |

This matter is before the Court on the defendant's request for a sentence reduction, which has been filed as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Filing 53. The defendant's motion will be denied.

The defendant requests a sentence reduction based on her efforts to rehabilitate herself, as well as her desire to be with her family. Filing 53. Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting her administrative remedies) move for reduction of her term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court

---

[1] The Court has so construed the defendant's request because, aside from § 3582(c)(1)(A)(i), *as amended*, § 603(b), 132 Stat. 5194, the Court lacks jurisdiction to modify an imposed term of imprisonment. *See generally United States v. Austin*, 217 F.3d 595, 597-98 (8th Cir. 2000), *overruled on other grounds by United States v. Watson*, 623 F.3d 542, 544 (8th Cir. 2010); *see also Dillon v. United States*, 560 U.S. 817, 824 (2010).

must also find that the defendant is not a danger to the safety of any other person or to the community.[2]

The Court must deny the defendant's motion, for two reasons. First, as mentioned above, the Court may consider a defendant's motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). And the defendant doesn't allege she presented her request to the Bureau of Prisons, so she hasn't exhausted her administrative remedies.

But beyond that, the defendant's motion falls short. The "extraordinary and compelling reasons" that *might* warrant a compassionate release are such things as terminal illness, degenerative physical or mental condition, or the death or incapacitation of a partner or caregiver. See § 1B1.13 cmt. n.1. The defendant's attempts to improve herself are commendable and her desire to be with her family is understandable, but those are not the sort of "extraordinary and compelling reasons" that justify a reduced sentence. Accordingly,

> IT IS ORDERED that the defendant's motion for compassionate release (filing 53) is denied.

---

[2] Section 1B1.13 has not been amended in response to the statutory changes wrought by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018), and so no longer remains "applicable" guidance for the current version of § 3582(c)(1)(A)(i), but the Court may consider the criteria set forth in § 1B1.13 to the extent they remain helpful and relevant. *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

Dated this 4th day of March, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge